## Certificate of Service

I hereby certify that on April 26, 2010, the foregoing document was filed with the Clerk of the Court and served upon the following party in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service:

Robert Cabrera
Inmate Number 08-A-1216
Attica Correctional Facility
PO Box 149
Attica, New York 14011-0149

                          Morgan J. Dennehy
                          Assistant District Attorney
                          Office of the Kings County
                          District Attorney

                          350 Jay Street
                          Brooklyn, New York 11201
                          (718) 250-2515

## CONCLUSION

**FOR THE AFOREMENTIONED REASONS, DEFENDANT'S PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE DENIED.**

Dated: Brooklyn, New York
      April 26, 2010

                                           Respectfully submitted,

                                           CHARLES J. HYNES
                                           District Attorney
                                           Kings County

                                           *[signature]*

LEONARD JOBLOVE
MORGAN J. DENNEHY
Assistant District Attorneys
    of Counsel

In any event, defendant's sentence was appropriate in light of the nature of his violent crime and because of his criminal history, which dated back to 1992. In January, 1992, defendant was sentenced to a concurrent term of one to four years incarceration for Criminal Possession of Stolen Property in the Fourth Degree and one to three years incarceration for Criminal Sale of a Controlled Substance in the Third Degree. He was subsequently paroled in December, 1992, when he absconded and was returned to prison. In May, 1993, he was paroled again and was discharged in July, 1995. In December, 1996, defendant was sentenced in federal court to 84 months imprisonment and three years of supervised release for Possession of Firearm and Firearms Trafficking. In March, 2003, defendant was released to probation, which was thereafter revoked, and he was resentenced to 24 months incarceration in June, 2003. The conviction which is the subject of this habeas petition was defendant's fourth felony conviction, and at the time he was sentenced on this case, he had a fifth felony drug case pending. Therefore, defendant's sentence was proper.

Thus, for all of these reasons, defendant's excessive sentence claim should be rejected and his habeas petition denied.

POINT II

DEFENDANT'S CLAIM THAT HIS ALREADY-REDUCED SENTENCE IS EXCESSIVE FAILS TO RAISE A FEDERAL QUESTION. IN ANY EVENT, THE CLAIM IS MERITLESS.

As the second ground in support of his petition, defendant claims that his sentence was unduly harsh in light of his alleged mental retardation and attention deficit/hyperactivity disorder. This claim fails to raise a federal question. In any event, defendant's sentence was proper.

Defendant's contention that his sentence was excessive fails to present a federal question because "[m]atters relating to sentencing and service of sentence are governed by state and, accordingly, are not cognizable in a habeas corpus proceeding." Glucksman v. Birns, 398 F. Supp. 1343, 1352 (S.D.N.Y. 1975). Indeed, the Second Circuit has held that "no federal constitutional issue is presented where . . . the sentence is within the range proscribed by state law." White v. Keane, 969 F.2d 1381, 1383-84 (2d Cir. 1992). Here, the sentence was within the range proscribed by New York law. Accordingly, defendant fails to present a federal question, and this Court should not review his claim. See 28 U.S.C. § 2254(a); Wainright v. Goode, 464 U.S. 78, 83-84 (1983); Rose v. Hodges, 423 U.S. 19, 21 (1975).

7

understood what he was doing, and that his was plea was the product of his own free will (P. 9-12).

Under the circumstances, the court's failure to explain to defendant that the victim's belief that defendant had displayed a gun had to have been reasonable did not transform an otherwise intelligent plea into an unintelligent one. A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). A defendant must accordingly receive "real notice of the true nature of the charge against him." Henderson v. Morgan, 426 U.S. 637, 645 (1976).

The court's failure to characterize the victim's belief that defendant displayed a weapon as "reasonable" did not undermine the real notice of the true nature of the robbery charge, especially considering that defendant was represented by counsel, and the two conferred extensively during the course of the plea proceedings. See Panuccio v. Kelly, 927 F.2d 106, 110-11 (2d Cir. 1991) ("The trial court could also appropriately assume that [defendant] understood the charges against him since he was represented by counsel who had presumably explained the charges to him.").

In any event, defendant has failed to establish, or even credibly allege, that he was prejudiced by the court's omission.

5

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrived at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13; see Clark v. Stinson, 214 F.3d 315, 321 (2d Cir. 2000) (under AEDPA, state court's ruling must be not only incorrect but also unreasonable), cert. denied, 531 U.S. 1116 (2001). In this case, the Appellate Division's decision that defendant's plea was validly entered was not contrary to, or an unreasonable application of, Supreme Court precedent.

At the outset of the plea proceedings, the prosecutor stated that the offer was a plea to attempted first-degree robbery with a prison sentence of five years. Defendant, through his counsel rejected the offer (P. 2).[1] The parties then consulted with one

---

[1] Parenthetical numbers preceded by "P" refer to pages of the plea minutes.

3

would have declined to enter the plea. Defendant's claim is completely meritless.

The court's pre-allocution comments to defendant about the apparent strength of the People's case, during which the challenged remarks were made, did not render defendant's plea unintelligent. Moreover, even assuming that the court's description of the display element of first-degree robbery was incomplete, and further assuming that the description misled defendant about what the People were required to prove at trial, defendant failed to establish that he would not have pleaded guilty had the court informed him that the victim had to <u>reasonably</u> believe that defendant displayed a gun.

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petition for a writ of <u>habeas corpus</u> may be granted only if the state court's adjudication of the prisoner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MJD 3912

ROBERT CABRERA,

                Petitioner,

     -against-

T. CONWAY,

                Respondent

CV-10-1308 (ARR)

MEMORANDUM OF LAW

POINT I

DEFENDANT'S CLAIM THAT THE COURT'S MISTSTATEMENT DURING THE ALLOCUTION OF AN ELEMENT OF THE FIRST-DEGREE ROBBERY COUNT RENDERED HIS PLEA INVOLUNTARY IS MERITLESS.

As the first ground in support of his habeas petition, defendant claims that the his plea was not knowing, voluntary, and intelligent, because the court inadequately described at the plea proceedings an element of first-degree robbery that the People were required to prove. Specifically, defendant claims that the court incorrectly told him that it was sufficient for the People to establish that the victim believed that defendant had displayed a gun during the robbery, when the court should have said that the People also had to prove that the victim's belief was reasonable. Presumably, defendant argues that had the court explained the reasonable belief requirement, defendant

I certify under penalty of perjury that the foregoing is true and correct.

Dated:   Brooklyn, New York
         April 26, 2010

                                            Morgan J. Dennehy
                                            Assistant District Attorney
                                            (718) 250-2515

judgment of conviction, concluding that defendant's "remaining contentions [were] without merit." People v. Cabrera, 65 A.D.3d 1055, 884 N.Y.S.2d 884 (2d Dep't 2009).

10. Defendant applied to the New York Court of Appeals for leave to appeal from the September 8, 2009 decision and order. On January 6, 2010, defendant's application was denied (Jones, J.).

11. By application dated March 15, 2010, defendant now petitions this Court for a writ of habeas corpus. In his petition, defendant raises the same claims that he had raised on his direct appeal. See supra at ¶8.

12. In accordance with this Court's March 29, 2010 order to show cause, the following documents are being forwarded to the Court with this affidavit and memorandum of law: defendant's brief to the Appellate Division; the People's brief to the Appellate Division; and the transcripts of the plea and sentencing proceedings.

For the reasons stated in the accompanying memorandum of law, defendant's petition for a writ of habeas corpus should be denied.

criminal acts. The court then adjudicated defendant a second felony offender.

7. On January 29, 2008, defendant appeared for sentencing. The court noted that defendant had violated two of the three conditions of the plea agreement by failing to report to the Department of Probation and by being re-arrested (and ultimately charged with felony drug sale under Kings County Indictment Number 11839/07). After inquiring about the circumstances of the violations, the court imposed the promised concurrent prison sentences of twenty-five years for the first-degree robbery and fifteen years for the attempted first-degree robbery (Del Giudice, J., at plea and sentence).

8. Defendant appealed from his judgment of conviction to the New York Supreme Court, Appellate Division, Second Department (hereinafter "Appellate Division"). See N.Y. Crim. Proc. Law § 450.10(1). On appeal, defendant claimed that his plea was not knowing, voluntary, and intelligent because the court incorrectly described one the elements of first-degree robbery (the "display" element) that the People were required to prove. Defendant also claimed that his sentence was excessive.

9. By decision and order dated September 8, 2009, the Appellate Division modified defendant's sentence, reducing the twenty-five-year prison term for the first-degree robbery count to fifteen years. As modified, the court affirmed defendant's

3

5. For this crime, defendant was charged, under Kings County Indictment Number 7095/2006, with Robbery in the First Degree (N.Y. Penal Law § 160.15[4]), Robbery in the Third Degree (N.Y. Penal Law § 160.05), Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30[5]), Petit Larceny (N.Y. Penal Law § 155.25), and Criminal Possession of Stolen Property in the Fifth Degree (N.Y. Penal Law § 165.40).

6. On October 26, 2007, defendant pleaded guilty to Robbery in the First Degree and Attempted Robbery in the First Degree, in satisfaction of the charges contained in the Indictment. The court stated that it would permit him to withdraw his plea to the Robbery in the First Degree count and receive a sentence of five years' imprisonment and 5 years of post-release supervision for the Attempted Robbery in the First Degree count if defendant cooperated with the Department of Probation in the preparation of his pre-sentence report, did not get re-arrested between the plea and the sentence, and appeared in court on the day of the sentencing proceedings. The court explained that if defendant violated any of the plea conditions, the court would sentence him to the maximum prison terms for each count (twenty-five years for the first-degree robbery and fifteen years for the attempted first-degree robbery). Defendant agreed to the terms of the plea bargain and admitted to committing the

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ APR 27 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MJD 3912

ROBERT CABRERA,

               Petitioner,

    -against-

T. CONWAY,

               Respondent.

AFFIDAVIT IN OPPOSITION
TO PETITION FOR A WRIT
OF HABEAS CORPUS

CV-10-1308 (ARR)

MORGAN J. DENNEHY affirms as follows:

1. I am an Assistant District Attorney of counsel to Charles J. Hynes, the District Attorney of Kings County. I am admitted to practice in New York State and before this Court.

2. By agreement with the Attorney General of the State of New York, the District Attorney of Kings County will represent the respondent in the above-captioned matter.

3. This affidavit is submitted in opposition to petitioner's pro se petition for a writ of habeas corpus, dated March 15, 2010. The following statements are made on information and belief based on the records and files of the Kings County District Attorney's Office.

4. On August 25, 2006, at approximately 4:00 a.m., in front of 12 Jefferson Street in Brooklyn, petitioner (hereinafter "defendant") displayed what appeared to be a gun and stole a cell phone and a gold chain from Gerardo Huertas.