

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ROBERT CABRERA,  :  10-CV-1308 (ARR)
 :
    Petitioner,  :  <u>NOT FOR ELECTRONIC</u>
 :  <u>OR PRINT PUBLICATION</u>
 -against-  :
 :  <u>OPINION & ORDER</u>
T. CONWAY,  :
 :
    Respondent.  :
 :
------------------------------------------------------------------- X

ROSS, United States District Judge:

On March 18, 2010, <u>pro se</u> petitioner Robert Cabrera ("petitioner" or "Cabrera") filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the New York Supreme Court, Appellate Division, Second Department (i) upholding his guilty plea before the trial court as constitutional and (ii) imposing a sentence of fifteen years in prison upon him. For the reasons set forth below, Cabrera's petition is denied.

## BACKGROUND

At approximately 4 a.m. on August 25, 2006, in front of 12 Jefferson Street in Brooklyn, New York, petitioner Robert Cabrera allegedly forcibly stole a cell phone and jewelry from Gerado Huertas while displaying what appeared to be a handgun during the commission of that crime. April 26, 2010 Affidavit of Morgan J. Dennehy ("Dennehy Aff."), Dkt. No. 4, ¶ 4. Based on these allegations, a grand jury indicted petitioner in New York Supreme Court, Kings County, on several charges, including Robbery in the First Degree under N.Y. Penal Law § 160.15[4]. <u>Id.</u> ¶ 5. That statute states, in relevant part:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

. . .

>   4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

On October 26, 2007, petitioner appeared in a pre-trial proceeding before Judge Vincent del Giudice. Id. Ex. C. At that proceeding, the prosecution informed petitioner that it was offering a plea bargain in which petitioner would receive five years in prison and five years of post-release supervision in exchange for pleading guilty to Attempted Robbery in the First Degree. Id. ¶ 6. Initially, through counsel, petitioner rejected this plea bargain. Id. Ex. C at 2. Counsel then consulted with the court at the bench. Id. Following this consultation, the court addressed petitioner. Id. Ex. C. at 2-3. The court stated that the case against him appeared to be strong and that petitioner's attorney was advising him to accept the plea offer. Id. Ex. C. at 3. The court then briefly summarized the factual allegations against petitioner, and it explained the requirement that petitioner must "display[] what appears to be a [firearm]" (the "display element") to be convicted of Robbery in the First Degree under N.Y. Penal Law § 160.15[4]. The court stated:

> Now, according to what I understand, the complaining witness alleged that you robbed him at gunpoint, fled, and he flagged down the police, gave a description of you, and the police apprehended you within a few moments after the incident.
>
> He said you were wearing the exact clothing that you were wearing and what you were carrying in the building, and they found the stolen property.
>
> Whether or not a gun is involved is one thing or the other. I was not there. But if the victim believed there was a gun there, if you displayed something to the victim and in his mind a gun may have been used, and [the] victim thought there was a gun, that's good enough for Robbery in the First Degree.

Id. Ex. C at 3-4. The court then reiterated that the case against petitioner appeared "overwhelmingly strong" and stated that, because of his prior record, petitioner faced twenty-five years in state prison. Id. Ex. C at 4. The court told petitioner to discuss the plea with his lawyer.

Id. Following an off-the-record discussion with his counsel, petitioner agreed to plead guilty to Robbery in the First Degree and Attempted Robbery in the First Degree in exchange for a sentence of five years in prison and five years post-release supervision.[1] Id. Ex. C at 6.

The court then proceeded to conduct a plea allocution. During the plea allocution, the following exchange took place between petitioner and the court:

> The Court: . . . You are pleading guilty because you are, in fact, guilty?
>
> The Defendant: Yes, sir.
>
> The Court: Sir, it is alleged by the grand jury of this county, that you, on or about August 25, 2006, here in Brooklyn, Kings County, forcibly stole certain property, namely[,] a cell phone and jewelry from a person named in the indictment in the course of the commission of the crime or immediate flight therefrom, you displayed what appeared to be a firearm, a hand gun. Is that true, sir?
>
> The Defendant: Yes.

Id. Ex. C at 12.

Petitioner was released on his own recognizance until the date of sentencing. Id. The court noted that its acceptance of the plea bargain was contingent on the petitioner meeting certain conditions prior to the sentencing date. Id. Ex. C. at 7. One of the conditions set by the court was that petitioner not be rearrested prior to his sentencing date. Id. If petitioner failed to abide by the conditions set by the court, the court stated that it would give petitioner the maximum allowable sentence of twenty-five years in prison. Id.

On January 29, 2008, petitioner appeared before Judge del Giudice for sentencing. Id. Ex. D. Noting that petitioner had been rearrested, the court rejected his plea bargain and sentenced petitioner to twenty-five years in prison and five years post-release supervision. Id. Ex. D at 16.

---

[1] The court required petitioner to plead to both Attempted Robbery and Robbery in the First Degree. Id. Ex. C at 6-7. The court noted that it would allow petitioner to withdraw his guilty plea to Robbery in the First Degree at sentencing if petitioner met certain conditions. Id.

3

Petitioner appealed his sentence to the New York Supreme Court, Appellate Division, Second Department. On appeal, petitioner made two arguments. First, he claimed that his guilty plea was not knowing and voluntary because the trial court misadvised him of the display element of Robbery in the First Degree at the October 26, 2007 hearing. Id. Ex A. at 17. Second, he asserted that the twenty-five year sentence imposed upon him was unduly harsh. Id. Ex. A at 23. On September 8, 2009, the Second Department held that, "[u]nder the circumstances of this case, the sentence imposed was excessive . . . ." People v. Cabrera, 65 A.D.3d 1055, 1055 (2nd Dep't 2009). Thus, "as a matter of discretion in the interest of justice," the court reduced petitioner's prison sentence to fifteen years. Id. The court held that petitioner's "remaining contentions [were] without merit." Id. On January 6, 2010, the New York Court of Appeals denied petitioner's application for leave to appeal. Id. ¶ 10.

On March 15, 2010, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner challenges the Second Department's decision based on the same grounds that he raised on appeal to that court. First, he argues that his guilty plea was not knowing and voluntary because the trial court misadvised him of the display element of Robbery in the First Degree at the October 26, 2007 hearing. Second, he asserts that the reduced fifteen-year sentence imposed upon him by the Second Department is excessive, cruel, and unusual. With respect to petitioner's first claim, the court holds that the Second Department's decision finding petitioner's guilty plea voluntary was not unreasonable under clearly established Supreme Court precedent. With respect to his second claim, the court holds that petitioner has failed to raise a federal question. Accordingly, Cabrera's petition is denied.

# DISCUSSION

I.  Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, added the following provision to 28 U.S.C. § 2254 as subsection (d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This deferential standard of review applies only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply; courts "apply the pre-AEDPA standards and review de novo the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). A "conclusive presumption" that the state court decision "rest[s] on the merits of the federal claim" applies to decisions "fairly appearing to rest primarily on federal law or to be interwoven with federal law . . . [a]bsent a clear and express statement of reliance on a state procedural bar." Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006). In this case, the Second Department found petitioner's arguments with respect to the unconstitutionality of his guilty plea and his sentence to be "without merit." Cabrera, 65 A.D.3d at 1055. Thus, the Second Department's decision is an adjudication on the merits.

"Where, as here, 'a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an unreasonable application of clearly established Supreme Court precedent.'" Gueits v. Kirkpatrick, 612 F.3d 118, 122 (2d Cir. 2010) (citation and internal quotation marks omitted). Under the "unreasonable application" clause of 28 U.S.C. § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000) (O'Connor, J., concurring and writing for the majority in this part). However, under this clause,

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 411. Thus, in order to grant a writ there must be "some increment of incorrectness beyond error." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted). "[T]he increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Id.

II.  Petitioner's Guilty Plea

Petitioner claims that his guilty plea before the trial court was not knowing and voluntary because, at the October 26, 2007 hearing, the court misadvised him of the display element of Robbery in the First Degree under N.Y. Penal Law § 160.15[4]. The New York Court of Appeals has explained that the display element of this crime has both an objective and a subjective component. People v. Lopez, 73 N.Y.2d 214, 220 (1989). With respect to the objective component, "[t]he People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm . . . ." Id. (citation omitted). With

6

respect to the subjective component, the People must show that "the victim actually perceived the display." Id. (citation omitted). Petitioner claims that, during the October 26, 2007 hearing, the trial court misstated the display element of the crime by omitting the objective component of the element. At that hearing, the court described the display element in the following manner:

> Whether or not a gun is involved is one thing or the other. I was not there. But if the victim believed there was a gun there, if you displayed something to the victim and in his mind a gun may have been used, and victim thought there was a gun, that's good enough for Robbery in the First Degree.

Dennehy Aff. Ex. C at 3-4. Petitioner contends that the trial court's description only makes reference to the subjective component of the display element. Thus, he claims that he was deprived adequate notice of the nature of the charges against him and his plea is unconstitutional.

Respondent counters that, even if the trial court failed to fully explain the display element to petitioner, the court's error did not render petitioner's guilty plea involuntary under the relevant United States Supreme Court precedent. Respondent therefore claims that the Second Department's decision finding petitioner's guilty plea constitutional was not an unreasonable application of that clearly established precedent. The court agrees with respondent.

The Supreme Court has stated that "a plea cannot support a judgment of guilty unless it was voluntary in a constitutional sense." Henderson v. Morgan, 426 U.S. 637, 644-645 (1976). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. at 645 n.13 (internal citation omitted). "Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense." Id. In order to receive adequate notice of the nature of the charge against him, the accused must receive notice of the charged crime's "critical elements." Id. at 647 n.18; see

7

Bousley v. United States, 523 U.S. 614, 618-619 (1998) (stating in dicta that, if petitioner proved that "neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged," then his plea would be invalid). Only after receiving "real notice of the true nature of the charge against him," can the accused make an "intelligent admission that he committed the offense." 426 U.S. at 645 (citation omitted).

Even assuming, as petitioner contends, that the trial court omitted the objective component of the display element, it was not unreasonable for the Second Department to find petitioner's guilty plea voluntary under the forgoing Supreme Court precedent. At the October 26, 2007 hearing, petitioner received adequate notice of the display element. Prior to petitioner's guilty plea, the trial court informed petitioner that the complaining witness alleged that petitioner robbed him at gun point. Additionally, during the plea allocution, the trial court stated that the grand jury alleged that petitioner displayed what appeared to be a firearm during the course of the robbery, an allegation to which petitioner admitted. Thus, although the trial court may have omitted one of the technical legal components of the display element from its description, the trial court repeatedly provided petitioner with notice that he was charged with displaying what appeared to be a firearm during the course of the robbery. Petitioner therefore received notice of this critical element, and the trial court conveyed "the true nature of the charge against him." Henderson, 426 U.S. at 645. Under such circumstances, in light of the clearly established Supreme Court precedent, this court holds that it was reasonable for the Second Department to find petitioner's guilty plea constitutional.

III. Petitioner's Sentence

Petitioner contends that, although the Second Department reduced his sentence from twenty-five to fifteen years in prison, his sentence remains excessive, cruel, and unusual.

8

Petitioner's contention fails to present a federal question that is reviewable by this court. "[M]atters relating to sentencing and service are governed by state law and, accordingly, are not cognizable in a habeas corpus proceeding." Roque v. Phillips, No. 04-CV-4337 (DLI), 2007 U.S. Dist. LEXIS 19240, at *21 (E.D.N.Y. March 12, 2007) (quoting Glucksman v. Birns, 398 F.Supp. 1343, 1352 (S.D.N.Y. 1975)) (citation omitted). "The Second Circuit has held that 'no federal constitutional issue is presented where . . . the sentence is within the range proscribed by state law.'" Id. (quoting White v. Keane, 969 F.2d 1381, 1383-1384 (2d Cir. 1992)). Here, petitioner's sentence of fifteen years in prison is within the range proscribed by New York Law. See N.Y. Penal Law §§ 70.06[3](b), 160.15. Thus, his claim does not present a federal question.

## CONCLUSION

For the reasons set forth above, the court holds that (i) the Second Department was not unreasonable in finding petitioner's guilty plea constitutional under clearly established Supreme Court precedent and (ii) petitioner has failed to raise a federal question with respect to his claim that the fifteen-year sentence imposed by the Second Department is excessive. Accordingly, Cabrera's petition is denied.

SO ORDERED.

/Signed by Judge Ross/
_____
Allyne R. Ross
United States District Judge

Dated:     April 13, 2011
             Brooklyn, New York

SERVICE LIST:

**Petitioner:**
Robert Cabrera
# 08-A-1216
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871-2000